UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **F.C.**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) NO. 3:16-cv-00613 |
| | ) JUDGE CRENSHAW |
| **TENNESSEE DEPARTMENT OF** | ) |
| **EDUCATION and FRANKLIN** | ) |
| **SPECIAL SCHOOL DISTRICT,** | ) |
| | ) |
|     **Defendants.** | ) |

# ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge recommending the Court grant both Defendants' motions to dismiss. (Doc. No. 51.) Plaintiffs filed timely objections to the recommendation to grant the Franklin Special School District's Motion to Dismiss, but filed no objections to the recommendation to grant the Tennessee Department of Education's Motion to Dismiss. (Doc. No. 53.) The Court has reviewed the Report and Recommendation, Plaintiffs' objections, and conducted a de novo review of the record. For the following reasons, Plaintiffs' objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**.

Plaintiffs object that they can appeal the final order of the Administrative Law Judge ("ALJ"), despite the judge's holding that the "dismissal is specifically based on procedural defects in the Complaint, and that the merits of the Petitioners' claims have not been addressed." (Doc. No. 1-1 at 5.) The Court agrees with the Magistrate Judge that neither T.B. v. Clarksville Montgomery County School System, No. 3:14-cv-1477, nor S.H. v. Rutherford County Schools, No. 3:15-cv-809, support Plaintiffs' position. In T.B., the ALJ dismissed the due process complaint

as moot and terminated the administrative proceedings because it believed that the plaintiffs had received all requested relief. T.B., No. 3:14-cv-1477, ECF No. 24 (Sept. 10, 2014). There were no further administrative proceedings that the plaintiffs could have advanced. S.H. is of limited relevance because the Court has not issued an Order on the merits. However, the Court notes that the ALJ terminated those proceedings after the plaintiffs' proof during the due process hearing under the administrative equivalent of Federal Rule of Civil Procedure 50(a). S.H., No. 3:15-cv-809, ECF No. 1-1 (July 22, 2015). Again, there would be no further administrative proceedings after the dismissal of that action. Here, the ALJ invited Plaintiffs to amend their complaint to cure the procedural defects, but Plaintiffs refused to do so, instead filing the Complaint in this Court. As Plaintiffs did not exhaust their administrative process, the Court must dismiss the Complaint for failure to exhaust.

Plaintiffs argue that the ALJ should not have dismissed their due process complaint because the procedural defects are "in contradiction to IDEA." (Doc. No. 53 at 5.) Plaintiffs did not raise these arguments in their initial briefs. However, the non-binding cases they cite do not support that their due process complaint met the pleading standard as described by the ALJ, but instead focus on completely separate issues. For example, Plaintiffs essentially concede that their due process complaint included claims outside the two year statute of limitations, but argue that they can bring their time-barred claims in an administrative due process complaint under G.L. v. Ligonier Valley School District Authority, 802 F.3d 601 (3d Cir. 2015). (Doc. No. 53 at 5.) G.L. only discusses when the statute of limitations period starts running, not whether a claimant can bring a time-barred claim in his or her due process complaint. G.L., 802 F.3d at 626. Further, Plaintiffs' third argument that they met the "minimal" pleading standard under Schaffer ex re. Schaffer v. Weast, 546 U.S. 49, 54 (2005), contains no analysis for the Court to consider, but rather a bare assertion

that Plaintiffs met the pleading standard. In sum, Plaintiffs' arguments that their due process claim met the pleading standard under the IDEA are unsupported by case law and the Court overrules their objections.

Accordingly, Franklin Special School District's Motion to Dismiss (Doc. No. 14) is **GRANTED**. Tennessee Department of Education's Motion to Dismiss (Doc. No. 27) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' Motion for Leave to File Document Under Seal (Doc. No. 47) is **GRANTED**. Plaintiffs' Motion for Leave to Manually File Additional Evidence (Doc. No. 49) is **DENIED AS MOOT**.

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE